

**O**

# United States District Court
# Central District of California

RAYEM INVESTMENTS,

          Plaintiff,

   v.

QUAKER TRANSPORTATION et al.,

          Defendants.

QUAKER TRANSPORTATION,

          Third-Party Plaintiff,

   v.

CONTINUUM TRANSPORTATION SERVICES LTD.,

          Third-Party Defendant.

Case № 2:25-cv-02264-ODW (MBKx)

**ORDER GRANTING THIRD-PARTY DEFENDANT'S MOTION FOR SUMMARY JUDGMENT [29]**

## I.    INTRODUCTION

Plaintiff Rayem Investments brought this action against Defendant Quaker Transportation, alleging breach of contract and negligence stemming from the loss of nearly $50,000 worth of yarn. (Notice Removal Ex. 1 ("Compl.") ¶¶ 9–10, Dkt. No. 1-1.) Quaker, in turn, filed a third-party complaint against Third-Party Defendant

Continuum Transportation Services Ltd., alleging that Continuum is liable for any loss under the Carmack Amendment, 42 U.S.C. § 14706.  (First Am. Third-Party Compl. ("FATPC") ¶¶ 8–12, Dkt. No. 10.)  Continuum now moves for summary judgment, arguing that Quaker does not have standing to sue under the Carmack Amendment. (Mot. Summ. J. ("Motion" or "Mot."), Dkt. No. 29.)  For the reasons below, the Court **GRANTS** the Motion.[1]

## II.   BACKGROUND[2]

In 2023, Rayem retained Quaker to transport a shipment of yarn.  (Compl. ¶ 9.) At the time Rayem retained Quaker, Quaker was acting in its capacity as a broker as defined under 49 U.S.C. § 13102(2).  (SUF 2–7.)  Instead of transporting the goods itself, Quaker hired Continuum, a motor carrier, to transport the yarn.  (SUF 8; AUF 10–11.)  However, an accident allegedly occurred during transportation, leading to the total loss of the yarn. (Compl. ¶¶ 10, 12.)

On November 14, 2024, Rayem filed this action in state court against Quaker, asserting two causes of action for breach of contract and negligence.  (*Id.* ¶¶ 15–30.) After removal, Quaker filed a third-party complaint against Continuum, asserting one cause of action under the Carmack Amendment.  (FATPC ¶¶ 8–12.)  Continuum now moves for summary judgment under Federal Rule of Civil Procedure ("Rule") 56(a). (Mot.)

## III.   LEGAL STANDARD

A court "shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a).  A disputed fact is "material" where it might

---

[1] Having carefully considered the papers filed in connection with the Motion, the Court deemed the matter appropriate for decision without oral argument.  Fed. R. Civ. P. 78; C.D. Cal. L.R. 7-15. Accordingly, the Court **DENIES** the parties' Joint Request to appear remotely as **MOOT**.  (Dkt. No. 33.)

[2] The Court derives the factual background, none of which is disputed, from Continuum's Statement of Undisputed Facts ("SUF"), Quaker's Additional Uncontroverted Facts ("AUF") and Continuum's response thereto, and where necessary and for context only, Rayem's Complaint.  (SUF, Dkt. No. 29-2; AUF, Dkt. No. 30-1; Resp., Dkt. No. 32.)

affect the outcome of the suit under the governing law, and the dispute is "genuine" where "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The burden of establishing the absence of a genuine issue of material fact lies with the moving party. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23 (1986).

Once the moving party satisfies its initial burden, the nonmoving party cannot simply rest on the pleadings or argue that any disagreement or "metaphysical doubt" about a material issue of fact precludes summary judgment. *See id.* at 324; *Matsushita Elec. Indus. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). The nonmoving party must show that there are "genuine factual issues that . . . may reasonably be resolved in favor of either party." *Cal. Architectural Bldg. Prods., Inc. v. Franciscan Ceramics, Inc.*, 818 F.2d 1466, 1468 (9th Cir. 1987) (quoting *Anderson*, 477 U.S. at 250) (emphasis omitted). Courts should grant summary judgment against a party who fails to make a sufficient showing on an element essential to her case when she will ultimately bear the burden of proof at trial. *Celotex*, 477 U.S. at 322–23.

In ruling on summary judgment motions, courts "view the facts and draw reasonable inferences in the light most favorable" to the nonmoving party. *Scott v. Harris*, 550 U.S. 372, 378 (2007) (internal quotation marks omitted). The Court is not obligated to look any further in the record for supporting evidence other than what is actually and specifically referenced. C.D. Cal. L.R. 56-4.

## IV.    DISCUSSION

As the Court noted above, there are no disputed facts here. The relevant parties—Quaker and Continuum—both agree that during the relevant transport, Quaker was acting as a broker and Continuum was acting as a motor carrier. (SUF 2; AUF 10.) Thus, the narrow question before the Court is whether Quaker, as a transportation broker, can recover against Continuum, as a motor carrier, under the Carmack Amendment. The answer, in this case, is no.

"It is well settled that the Carmack Amendment is the exclusive cause of action for interstate-shipping contract claims alleging loss or damage to property." *Hall v. N. Am. Van Lines, Inc.*, 476 F.3d 683, 688 (9th Cir. 2007). Under the Carmack Amendment, motor carriers like Continuum are only "'liable to the person entitled to recover under the receipt or bill of lading' for any loss of injury to the property caused by any carrier during shipment." *OneBeacon Ins. Co. v. Hass Indus., Inc.*, 634 F.3d 1092, 1097 (9th Cir. 2011) (citing 49 U.S.C. § 14706(a)(1)). To determine whether a plaintiff has standing to sue under the Carmack Amendment, the Ninth Circuit directs courts to look at the "bill of lading". *OneBeacon*, 634 F.3d at 1098. Thus, "[t]he 'lawful holder' of the bill of lading can sue regardless of who actually owned the goods." *Celtic Int'l, LLC v. J.B. Hunt Transp., Inc.*, 234 F. Supp. 3d 1034, 1041 (E.D. Cal. 2017) (citing *OneBeacon*, 634 F.3d at 1097).

Here, the parties do not identify a receipt or bill of lading in the record. As statutory standing under the Carmack Amendment is an essential element of Quaker's case, Quaker bears the burden of producing it, assuming such evidence exists. 49 U.S.C. § 14706(a)(1); *see Celotex*, 477 U.S. at 322 ("[T]he plain language of Rule 56(c) mandates the entry of summary judgment . . . against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial."). Quaker's failure to prove "an essential element of [its] case necessarily renders all other facts immaterial" and requires entry of judgment against it. *Celotex*, 477 U.S. at 322–23.

Instead of offering evidence of a bill of lading, Quaker argues that its potential liability to Rayem makes Quaker "a 'person entitled to recover' from Continuum." (Opp'n 4–6, Dkt. No. 30 (quoting *REI Transport, Inc. v. C.H. Robinson Worldwide, Inc.*, 519 F.3d 693, 699–700 (7th Cir. 2008)).) This argument is unpersuasive because it impermissibly expands Ninth Circuit precedent. The Ninth Circuit explicitly instructs courts that the "crucial phrase under the [Carmack Amendment] is 'the

person entitled to recover *under the receipt or bill of lading*.'" *OneBeacon*, 634 F.3d at 1098 (quoting 49 U.S.C. § 14706(a)(1).  Notably, the Ninth Circuit has rejected broader interpretations of the Carmack Amendment that would allow "shippers, consignors, consignees" or "persons beneficially interested in the shipment" to sue. *OneBeacon*, 634 F.3d at 1098.  Indeed, the Ninth Circuit's emphasis on the Carmack Amendment's "direct approach to standing" forecloses Quaker's expansive interpretation, which would effectively disregard the role of the receipt or bill of lading. *Id.*

The cases that Quaker cites for support are inapposite.  First, Quaker cites *REI Transport*, where the Seventh Circuit assumed, without deciding, that a broker had standing to sue under the Carmack Amendment.  (Opp'n 5–6.)  However, in *REI Transport*, the broker "indemnified" the shipper "for the lost [goods]," and the shipper "assigned any right to recover to [the broker]."  519 F.3d at 695.  As an initial matter, this decision has little persuasive value to this Court, especially in light of the Ninth Circuit's express command in *OneBeacon*.  Moreover, Quaker presents no evidence that Rayem assigned any recovery rights to Quaker or that Quaker indemnified Rayem for the alleged loss.  Thus, Quaker's reliance on *REI Transport* is misplaced.

Second, Quaker cites *Mecca & Sons Trucking Corp. v. White Arrow, LLC*, 763 F. App'x 222, 225 (3d Cir. 2019), where the Third Circuit held a carrier failed to demonstrate that a broker was not "entitled to recover its losses" from the carrier under the Carmack Amendment.  (*See* Opp'n 5.)  As with *REI Transport*, the Third Circuit's decision in *Mecca & Sons* is of limited persuasive value to this Court for the same reasons as above.  Moreover, the key to the Third Circuit's holding was that the broker had "paid [the shipper's] damages." *Mecca & Sons*, 763 F. App'x at 224.  According to the Third Circuit, this opened up potential standing under "a theory of equitable subrogation." *Id.* at 225.  Quaker has made no such payment to Rayem here.

Finally, Quaker cites *Celtic*, where the district court resolved a motion to transfer venue by finding that a broker *could* have standing under the Carmack

Amendment.  234 F. Supp. 3d at 1037; (Opp'n 5–6.)  There, the shipper assigned its rights to recover in connection with its loss to a third party, which, in turn, assigned its claims to the broker.  *Celtic*, 234 F. Supp. 3d at 1037.  Although the parties in *Celtic* had not yet produced a bill of lading, the Court reasoned that the broker could have standing to sue as it held the shipper's rights to sue.  *Id.* at 1042.  Therefore, the court declined to transfer venue on the basis that the broker was categorically barred from asserting standing under the Carmack Amendment.  *Id.*  Here, in contrast, the Court is faced with a completely different procedural posture.  Discovery has closed and Continuum seeks summary judgment.  In response, Quaker must have put forth evidence demonstrating that there is a genuine issue of material fact as to whether a bill of lading exists that gives Quaker standing to sue under the Carmack Amendment.  *Celotex*, 477 U.S. at 322.  Quaker has not done so.

Consequently, Quaker fails to meet its burden to demonstrate either that it has standing or that triable issues exists as to its standing under the Carmack Amendment.  *Id.*  Quaker's failure to produce evidence supporting standing defeats its Carmack Amendment claim as a matter of law.  Thus, Continuum is entitled to summary judgment.

### V.    CONCLUSION

For the reasons discussed above, the Court **GRANTS** Continuum's Motion for Summary Judgment.  (Dkt. No. 29.)

**IT IS SO ORDERED.**

May 27, 2026

_____

**OTIS D. WRIGHT, II**
**UNITED STATES DISTRICT JUDGE**